UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 108.31.134.183, <br><br> *Defendant*. | Civil Action No. 17-cv-2346 (TJK) |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 5. For the reasons stated herein, this Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff Strike 3 Holdings, LLC owns the rights to certain adult entertainment films. ECF No. 1 ("Compl.") ¶ 2. Plaintiff alleges that Defendant, currently identified as John Doe subscriber assigned IP address 108.31.134.183, has been downloading and distributing these films using a BitTorrent protocol in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Compl. ¶¶ 4-6, 23-32. Plaintiff further alleges that it used geolocation technology to trace the IP address used by Defendant to a physical address in the District of Columbia. *Id.* ¶ 9.

Plaintiff has moved for leave to file a third-party subpoena on Defendant's internet service provider ("ISP") to "learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." ECF No. 6 ("Pl.'s Mem.") at 2. Plaintiff asserts that the subpoena "will only demand the true name and address of Defendant" and that the information will only be used to prosecute claims in its complaint. *Id.*

## II. LEGAL STANDARD

A party ordinarily "may not seek discovery from any source" prior to a conference under Rule 26(f) unless "authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a 'good cause' standard." *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014) (quoting *Warner Bros. Records v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007)). "Good cause to take discovery prior to the Rule 26(f) conference exists where the discovery is necessary 'before th[e] suit can progress further.'" *Malibu Media, LLC v. Doe*, No. 15-cv-986 (RDM), 2015 WL 5173890, at *1 (D.D.C. Sept. 2, 2015) (alteration in original) (quoting *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008)).

A plaintiff also "must 'have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[s].'" *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (alteration in original) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)). "The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on any basis." *Malibu Media, LLC v. Doe*, 177 F. Supp. 3d 554, 556-57 (D.D.C. 2016) (citing *Exquisite Multimedia, Inc. v. Does 1-336*, No. 11-cv-1976 (RWR/JMF), 2012 WL 177885, at *2 (D.D.C. Jan. 19, 2012)). Thus, a plaintiff "must predicate this Court's jurisdiction over the infringers on the reach of District of Columbia law." *Id.* Under the District of Columbia's long-arm statute, "the only conceivable way that personal jurisdiction might properly be exercised" is if Defendant is a "resident[] of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings*, 752 F.3d at 996 (citing D.C. Code § 13-423(3), (4)).

## III. ANALYSIS

Plaintiff has satisfied the good cause standard to serve discovery prior to a Rule 26(f) conference. As an initial matter, "this suit cannot move forward without Plaintiff first being able to identify Defendant so that service can be effected." *Malibu Media, LLC v. Doe*, No. 16-cv-639 (RC/AK), 2016 WL 1698263, at *2 (D.D.C. Apr. 27, 2016). According to a declaration provided by Plaintiff, Defendant's internet service provider is the only entity that can identify Defendant by correlating the IP address that has been linked to the alleged infringement with its subscriber. ECF No. 5-3 ¶ 12.

Plaintiff has also established a good faith belief that this Court has personal jurisdiction over Defendant. Plaintiff used geolocation technology to trace Defendant's IP address to a physical location within the District of Columbia. Pl.'s Mem. at 6. The D.C. Circuit "has suggested that reliance on 'geolocation services' of this sort is sufficient to justify a 'good faith belief' that a district court has personal jurisdiction over unknown defendants." *Malibu Media*, 2015 WL 5173890, at *2 (quoting *A.F. Holdings*, 752 F.3d at 996); *see also Malibu Media*, 2016 WL 1698263, at *2 ("Using a geolocation service that estimates that location of Internet users based on their IP addresses is sufficient to demonstrate a good faith belief that the court has personal jurisdiction over the defendant."); *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 41 (D.D.C. 2011) ("Plaintiff has a good faith basis to believe a putative defendant *may* be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia . . . .") (emphasis in original). Thus, in its "broad discretion to . . . dictate the sequence of discovery," *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)), the Court authorizes Plaintiff to serve limited discovery on Defendant's ISP.

3

## IV. PROTECTIVE ORDER

Plaintiff notes that in similar cases involving adult content, some courts "have found it appropriate to issue a protective order establishing procedural safeguards," and it has encouraged this Court to do so here if it deems it appropriate. Pl.'s Mem. at 7-8. The Court finds that a protective order is warranted here. "The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer." *Media Prods., Inc. v. Does 1-26*, No. 12-cv-3719 (HB), 2012 WL 2190613, at *1 (S.D.N.Y. June 12, 2012). "Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection," and "[t]here is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations." *Id*. There is also a risk that "the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." *Id*. In sum, absent a protective order, "there is no reason to conclude that adequate protections exist to safeguard the individuals or entities subscribing to the implicated IP address[] against the danger of 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Malibu Media Adult Film Copyright Infringement Cases*, Nos. 15-cv-1855 (SJF) (SIL) *et al.*, 2015 WL 3605834, at *4 (E.D.N.Y. June 8, 2015) (quoting Fed. R. Civ. P. 26(c)).

In light of these considerations, Plaintiff shall be allowed to serve early discovery by serving a Rule 45 subpoena on the identified ISP that seeks information sufficient to identify John Doe subscriber assigned IP address 108.31.134.183. However, if and when the ISP is served with a subpoena, Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with its subpoena. The ISP shall give written notice, which may

4

include e-mail notice, and shall include a copy of the subpoena, this Memorandum Opinion, and the accompanying Order, to the subscriber in question at least twenty (20) business days prior to releasing the subscriber's identifying information to Plaintiff.  Any motion to quash the subpoena shall be filed before the return date of the subpoena, which shall be no earlier than forty-five (45) calendar days from the date of service.  The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.  Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.  *See* ECF No.1.  On or before February 20, 2018, Plaintiff shall file a Status Report with the Court briefly outlining the progress of the discovery authorized by the accompanying Order.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 5.  A separate order will be issued accompanying this opinion.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 11, 2018